\*\* E-filed November 23, 2011 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARTIN DELGADO; RICARDO DELGADO; ANGEL MARTINEZ; and ADRAIN ACOLTZI, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br>v.<br><br>MARIA DEANDA and RUBEN DEANDA dba GUADALAJARA MARKET; and DOES 1-10,<br><br>Defendants. | No. C10-02799 HRL<br><br>**ORDER THAT CASE BE ASSIGNED TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION**<br><br>[Re: Docket No. 18] |

Martin Delgado, Ricardo Delgado, Angel Martinez, and Adrain Acoltzi ("Plaintiffs") sued Maria and Ruben Deanda dba Guadalajara Market alleging wage and hour violations of the federal Fair Labor Standards Act and various provisions of the California Labor and Business and Profession Codes. See generally, Docket No. 1 ("Complaint"). Plaintiffs were hourly workers at the Guadalajara Market, where they allege they often worked ten, twelve, or more hours per day without meal breaks or being paid the appropriate overtime rate. Id., p. 4. In addition, they claim defendants instructed them not to punch time cards, or to punch only 40 hours per week. Docket No. 28, p. 9 ("Application for Default Judgment" or "Application"). Plaintiffs brought this putative class action claim on behalf of themselves and the dozens of other hourly workers who might have been

similarly affected.[1] Complaint, p. 2. The defendants were served on September 2, 2010, but have yet to appear in this action. See Docket No. 5. On November 8, 2010, plaintiffs moved for entry of default against the defendants, which the Clerk of Court entered on November 10. Docket Nos. 12, 14. Plaintiffs now apply for default judgment against the defendants. Docket No. 18. Upon consideration of the moving papers, the court recommends that plaintiffs' application for default judgment be granted.

**LEGAL STANDARD**

Generally, a party is in "default" if the party has failed to plead or "otherwise defend" in a timely fashion to a pleading seeking affirmative relief against the party. Fed. R. Civ. P. 55(a).

After entry of default by the Clerk, courts are authorized to grant default judgment in their discretion. See FED. R. CIV. P. 55; Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). A court may consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering these factors, all factual allegations in the plaintiff's complaint are taken as true, except those relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

**DISCUSSION**

A. Entry of Default Judgment

The Eitel factors favor entry of default judgment. Plaintiffs' claims have merit and are sufficiently pled. Once the Clerk of Court enters default, all well-pleaded allegations regarding liability are taken as true except as to the amount of damages. Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002); Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977). Upon review of the complaint, the court finds that plaintiffs adequately pled each of their claims for

---

[1] However, the plaintiffs have not pursued any efforts to certify a class, and the court will treat the putative class as abandoned. Therefore, no ruling in this matter shall be deemed to prejudice any other potential claimant from seeking relief against defendants in the future.

2

relief. Since all liability-related factual allegations are taken as true, there can be no dispute over material facts. Additionally, plaintiffs would be prejudiced if default is not entered because defendants have refused or failed to participate in this action since it was filed nearly 18 months ago, and they have no other avenue for relief. Further, there is no evidence that defendants' failure to appear and defend themselves is due to excusable neglect. Since the defendants have failed to appear in this action, plaintiffs' only recourse is a default judgment. While the Federal Rules of Civil Procedure and this court favor judgments on the merits, defendants' refusal to participate in this litigation render such a decision impossible. Finally, "default judgment is disfavored when a large amount of money is . . . unreasonable in light of defendant's actions." United States v. Ordonez, 2011 U.S. Dist. LEXIS 50765, *6 (E.D. Cal. May 11, 2011) (finding that over $300,000 was appropriate for resolution by default judgment when plaintiff's allegations supported the sum). Here, the sum of money requested, $347,745.03, is reasonable in light of plaintiff's claims and evidence.

Therefore, the court recommends that plaintiffs' application for default judgment against defendants Maria Deanda and Ruben Deanda, dba Guadalajara Market be granted.

B. Relief Requested

As entry of default judgment is warranted, the court must determine the terms of the judgment. The moving party has the burden to prove up damages. Amini Innovation Corp. v. KTY Intern. Marketing, 768 F. Supp. 2d 1049, 1053-54 (C.D. Cal. 2011). The court need not hold a hearing when it can determine damages "by computation from facts of record." Pope v. United States, 323 U.S. 1, 12 (U.S. 1944). In this case, plaintiffs claim: (1) unpaid wages under Cal. Lab. Code § 1194; (2) liquidated damages in the amount of unpaid wages under FLSA, 29 U.S.C. 216(b); (3) 30 days of wages owed as a penalty under Cal. Lab. Code § 201 for failing to pay overtime earned at the time plaintiffs were terminated; (4) restitutionary damages in the amount of unpaid wages under Cal. Bus. & Prof. Code § 17203; (5) pre-judgment interest of 10% of the unpaid overtime compensation pursuant to Cal. Lab. Code § 1194; and (6) attorney's fees and costs of suit under Cal. Lab. Code § 1194 and 29 U.S.C. 216(b). See Complaint pp. 10-11.

1 Plaintiffs argue that where defendants have offered no work schedules to rebut plaintiffs' allegations of the number of overtime hours worked, plaintiffs should be taken at their word insofar as it is reasonable. Where an employer fails to provide accurate or adequate records, an employee satisfies his evidentiary burden by showing "that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (U.S. 1946). "Once the employee 'has proved that he has performed work and has not been paid in accordance with the [FLSA],' the fact of damage is certain." Brock v. Seto, 790 F.2d 1446, 1448 (quoting Mt. Clemens Pottery, 328 U.S. at 688). As entry of default renders all of plaintiff's factual allegations true for purposes of default judgment, plaintiff's burden is satisfied. The only uncertainty is the amount of damage. Id.

Plaintiffs seek liquidated damages under FLSA, 29 U.S.C. 216(b), which mandates an award of liquidated damages equal to the amount of unpaid overtime, not as a penalty but to compensate the employee for damages too difficult to calculate. King v. Board of Education, 435 F.2d 295, 298 (7th Cir. 1970); Docket No. 18, p. 8. For a willful violation, which plaintiffs have alleged in this case, the applicable statute of limitations is three years. 29 U.S.C. § 255; see also Docket No. 18, p. 9. Therefore, plaintiffs are entitled to overtime compensation for any hours worked on or after June 25, 2007, three years prior to the filing of this suit.

Plaintiffs also seek 30 days of wages apiece under Cal. Lab. Code § 201-03, which imposes liability on an employer who fails to pay discharged employees all wages owed upon termination or within 72 hours of being laid off. Cal. Lab. Code § 202; Docket No. 18, p. 13. This penalty payment is nondiscretionary and will be awarded for every day the employer fails to pay the terminated employees the wages owed, up to thirty days. See Morris v. County of Marin, 18 Cal.3d 901 (1977) (finding that the penalty is mandatory). Thus, plaintiffs are entitled to 30 days of wages because more than 30 days have passed since their termination, during which time defendants have not tendered the wages owed.

Next, plaintiffs seek three years of unpaid overtime under Cal. Lab. Code § 510. Docket No. 18, p. 7-8. However, since they also seek four years of unpaid overtime as restitution under Cal. Bus. &

Prof. Code § 17203 (the "California Unfair Competition Law" or "UCL"), the claim for wages under Cal. Lab. Code § 510 is subsumed by the claim for restitution. Id. at 8, 14-15. Under the UCL, any "money or property . . . which may have been acquired by means of [] unfair competition" is recoverable as restitution up to four years after the claim accrued. Cal. Bus. & Prof. Code §§ 17203, 17208. Wages are recoverable, and courts favor UCL suits over claims under statutes with shorter statutes of limitations. See, e.g., Cortez v. Purolater Air Filtration Products Co., 23 Cal.4th 163, 173 (permitting a party to bring a claim for unpaid wages under Cal. Bus. & Prof. Code § 17000 *et seq.* as a restitutionary claim with a four-year statute of limitations rather than bringing a claim for damages under a statute with a shorter statute of limitations). Thus, plaintiffs are entitled to compensation for unpaid overtime hours that they worked on or after June 25, 2006. In addition, they claim restitution for unpaid missed meal periods. Docket No. 18, p. 20. Employees may recover for these unpaid missed meal times under Cal. Lab. Code § 226.7. However, since these constitute wages, plaintiffs can instead bring suit under the UCL and avail themselves of its four year statute of limitations. See Tomlinson v. Indymac Bank, F.S.B., 359 F. Supp. 2d.891, 896-97 (C.D. Cal 2005) (finding that unpaid missed meal periods are wages recoverable under the UCL). Thus, plaintiffs are also entitled to restitution for any missed meal periods occurring on or after June 25, 2006.

Finally, plaintiffs seek actual damages under Cal. Lab. Code § 226, governing pay statement violations. Plaintiffs have alleged that they were not provided with pay statements, entitling them to "all actual damages . . . not exceeding an aggregate penalty of four thousand dollars" for each employee "suffering injury." Cal. Lab. Code § 226(e). Lost wages are a form of actual damages. Cornn v. United Parcel Service, Inc., 2006 WL 449138, *3 (N.D. Cal. Feb. 22, 2006). As each of them alleges a loss of greater than $4,000 in actual wages, they all claim the statutory maximum. Docket No. 18, p. 24.

Plaintiffs claim that they are owed for unpaid overtime hours and missed meal periods as follows:

1. Martin Delgado

1  Martin Delgado claims $6,213 in liquidated damages for overtime hours worked from June 25, 2007
2  through February 7, 2009 under FLSA's three year statute of limitations. Docket No. 18, p. 10. He
3  claims $2,160 owed as a penalty under Cal. Lab. Code § 203. Id. at 14. Next, he claims $9,801.63 in
4  restitution for unpaid wages from June 25, 2006 through February 9, 2009 under the UCL's four
5  year statute of limitations. Id. at 16. He also claims $4,000, the statutory maximum, for pay
6  statement violations. Id. at 24. In total, Martin Delgado seeks $22,174.63.

  2. Adrain Acoltzi

Acoltzi claims $14,411.50 in liquidated damages for overtime hours worked from July 15, 2008 through March 15, 2010 under FLSA's three year statute of limitations. Docket No. 18, pp. 10-11. He claims $2,280 owed as a penalty under Cal. Lab. Code § 203. Id. at 14. Next, he claims $31,312.50 in restitution for unpaid wages from July 15, 2007 through March 15, 20120 under the UCL's four year statute of limitations. Id. at 16-17. He also claims $10,020 in restitution for unpaid missed meal periods. Id. at 21. He also claims $4,000, the statutory maximum, for pay statement violations. Id. at 24. In total, Acoltzi seeks $62,024.00.

  3. Angel Martinez

Martinez claims $ 26,098.15 in liquidated damages for overtime hours worked from June 25, 2007 through October 15, 2009 under FLSA's three year statute of limitations. Docket No. 18, pp. 11-12. He claims $2,160 owed as a penalty under Cal. Lab. Code § 203. Id. at 14. Next, he claims $208,350.00 in restitution for unpaid wages from June 25, 2006 through October 15, 2009. Id. at 17-19. He also claims $14,796 in restitution for unpaid missed mail periods. Id. at 21-23. He also claims $4,000, the statutory maximum, for pay statement violations. Id. at 24. In total, Martinez seeks $255,404.15.

  4. Ricardo Delgado

Ricardo Delgado claims $2,958.75 in unpaid wages from June 26, 2006 through January 15, 2007. Id. at 19. Next, he claims $1,183.50 in restitution for unpaid missed meal periods. Id. at 23. He also claims $4,000, the statutory maximum, for pay statement violations. Id. at 24. In total, Ricardo Delgado seeks $8,142.25.

The court is satisfied that plaintiffs have provided sufficient evidence of the damages they request, and recommends that plaintiffs be awarded a total sum of $347,745.03, to be divided among them as listed above.

**CONCLUSION**

Because all parties have yet to consent to the undersigned's jurisdiction, this court ORDERS the Clerk of Court to reassign this case to a district court judge. The undersigned further RECOMMENDS that the newly assigned district court judge enter default judgment against defendants for the total amount of $347,745.03. The motion hearing set for November 29, 2011 is hereby VACATED.

Pursuant to Civil L.R. 72(b), any party may serve and file objections to this report and recommendation within fourteen days of the date of this order.

**IT IS SO ORDERED.**

Dated: November 23, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

7

**C10-02799 HRL Notice will be electronically mailed to:**

Adam Wang             adamqwang@gmail.com
Adam Lee Pederson     alpedersen@gmail.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**