UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARTIN DELGADO; RICARDO DELGADO; ANGEL MARTINEZ; and ADRAIN ACOLTZI, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br>v.<br><br>MARIA DEANDA and RUBEN DEANDA dba GUADALAJARA MARKET; and DOES 1-10,<br><br>Defendants. | Case No.: 10-CV-02799-LHK<br><br>ORDER ADOPTING IN PART AND MODIFYING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

The Court has reviewed Magistrate Judge Howard R. Lloyd's Report and Recommendation ("Report") regarding Plaintiffs Martin Delgado, Ricardo Delgado, Angel Martinez and Adrain Acoltzi ("Plaintiffs") Motion for Default Judgment, which Defendants did not oppose. The time for objections has passed, and Defendants have filed none. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court finds the Report's analysis well-reasoned and thorough. However, the Court finds that a modification of the damages calculations on Page 6 of the Report is necessary. Accordingly, the Court adopts the Report in all respects, except as to the damages awarded to Plaintiffs as set forth on Page 6 of the Report. Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject or modify the recommended disposition."). The Court modifies the damages award to Plaintiffs as set forth below:

**1. Plaintiff Martin Delgado**

Based on the information provided in Martin Delgado's declaration, the Court agrees with Judge Lloyd's recommendations that damages be awarded to Martin Delgado for California wage and hour violations. The Court also agrees with Judge Lloyd's recommendation regarding the amount to be awarded Plaintiff Delgado in FLSA liquidated damages, waiting time penalties under Cal. Lab. Code § 203, and restitution for failure to pay overtime pursuant to Cal. Lab. Code § 510, and Cal. Bus. & Prof. Code § 17203. However, the Court declines to award damages for "pay statement" violations under Cal. Lab. Code § 226(e) because these damages are barred under the applicable statute of limitations.

California Labor Code § 226(a) mandates that an employer "furnish each of his or her employees ... an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee . . . ." Cal. Lab. Code § 226(a). Under subsection (e) of the same provision: "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with [section 226(a) ] is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) . . . ." Cal. Lab. Code § 226(e).

Although Plaintiff requests "actual damages," rather than statutory damages, the Court awards $4,000 in statutory damages—i.e., $50 for the first pay period violation, and $100 for each subsequent violation, totaling $4,000 after forty-one weekly pay-periods—because actual damages stemming from the injury cannot be ascertained in a default judgment absent pay statements. *See Rivera v. Rivera*, 10-CV-01345, 2011 WL 1878015, at *8-9 (N.D. Cal. May 17, 2011) (awarding statutory damages under § 226(e), rather than actual damages, because actual damages could not be ascertained in an order of default judgment).

Statutory damages arising under Cal. Lab. Code § 226(e) are deemed a "penalty," while actual damages are considered "wages," for the purposes of determining the applicable limitations period. *See Singer v. Becton, Dickinson & Co.*, 08-CV-0821, 2008 WL 2899825, at *5 (S.D. Cal.

July 25, 2008) (finding that statutory damages under § 226(e) are "penalties" subject to a one-year statute of limitation pursuant to Cal. Code Civ. Proc. § 340(a), whereas actual damages under § 226(e) are "wages" subject to a three-year statute of limitation pursuant to Cal. Code Civ. Proc. §338(a)). Therefore, pursuant to Cal. Code Civ. Proc. § 340(a), the statutory damages arising under Cal. Lab. Code § 226(e) are subject to a one-year statute of limitations.

Plaintiffs filed their complaint on June 25, 2010, which means that that § 226(e) claims arising prior to June 25, 2009 are barred. *See* ECF No. 1; Cal. Code Civ Proc. § 340(a); Singer, 2008 WL 2899825, at *5. As stated in his declaration, Martin Delgado's employment period began in January 2007 and ended in February 7, 2009. *See* Decl. of Martin Delgado in Support of Pls.' Mot. for Default J, ECF 22 at 1. As such, the last alleged "pay statement" violation falls beyond the one-year statute of limitations period, before June 25, 2009. Martin Delgado's § 226(e) claims are time-barred. The revised calculation of damages is set forth below:

- $6,213 in liquidated damages (equal to unpaid overtime) under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207 (2010).
- $2,160 in "waiting time" penalties under Cal. Lab. Code § 203 (West 2009).
- $9,801 in restitution under Cal. Bus. & Prof. Code § 17203 for unpaid overtime wages pursuant to Cal. Lab. Code § 510 (West 2000).

Total damages awarded to Plaintiff Martin Delgado is **$18,174**.

### 2. Plaintiff Adrain Acoltzi

Based on the information provided in the Adrain Acoltzi's declaration, the Court agrees with Judge Lloyd's recommendations that damages be awarded to Plaintiff Acoltzi. The Court also agrees with Judge Lloyd's recommendation regarding the amount to be awarded Plaintiff Acoltzi in FLSA liquidated damages, and waiting time penalties under Cal. Lab. Code § 203. However, the Court revises the amount for (1) restitution damages for failure to pay overtime pursuant to Cal. Lab. Code § 510, (2) for restitution damages for failure to allow meal times pursuant to Cal. Lab. Code § 226.7, and (3) for statutory damages for "pay statement" violations under Cal. Lab. Code § 226(e). Plaintiffs made a calculation error as to the restitution damages pursuant to Cal. Lab. Code § 510 and Cal. Lab. Code § 226.7. This calculation error was based on a miscalculation of the number of weeks worked. Acoltzi's declaration established that he worked for Defendants for 86

3

weeks, but the amount of restitution for failure to pay overtime and missed meal breaks was erroneously calculated based on the assumption that Acoltzi worked 138 weeks. Additionally, Acoltzi is not entitled to the maximum amount of statutory damages under Cal. Lab. Code § 226(e), because his claim is partially time barred. The revised calculation of damages is set forth below:

- $14,411.50 in liquidated damages under the FLSA, 29 U.S.C. 207.
- $2,280 in "waiting time" penalties under Cal. Lab. Code § 203.
- $11,162.50 in restitution damages under Cal. Bus. & Prof. Code § 17203 for failure to pay overtime pursuant to Cal. Lab. Code § 510.[1]
- $3,572 in restitution damages under Cal. Bus. & Prof. Code § 17203 for failure to allow meal times pursuant to Cal. Lab. Code § 226.7 (West 2001).[2]
- $3,650 in statutory damages for "pay statement" violations under Cal. Lab. Code § 226(e).[3]

Total damages awarded to Plaintiff Adrain Acoltzi: **$35,076.**

### 3. Plaintiff Angel Martinez

Based on the information provided in Angel Martinez's declaration, the Court agrees with Judge Lloyd's recommendations that damages be awarded to Plaintiff Angel Martinez. The Court also agrees with Judge Lloyd's recommendation regarding the amount to be awarded to Martinez in waiting time penalties under Cal. Lab. Code § 203, and in restitution damages for failure to allow meal times pursuant to Cal. Lab. Code § 226.7. However, the Court revises (1) the liquidated damages awarded under the FLSA, (2) the restitution for failure to pay overtime pursuant to Cal. Lab. Code § 510, and (3) the statutory damages for "pay statement" violations

---

[1] This amount was revised from the $31,312.50 requested by Plaintiffs and recommended by Judge Lloyd because Plaintiff erred in calculating the relevant employment periods. Specifically, Plaintiff earned $8 per hour from July 15, 2008 to Apr. 15, 2009 (i.e., for 39 weeks); Plaintiff then earned $9.50 per hour from Apr. 16, 2009 to Mar. 15, 2010 (i.e., for 47 weeks, not 99). *Compare* Pls.' Application for Default J. 17 *with* Acoltzi Decl. ¶ at 3 ("I was employed with Guardalajara market at San Leandro store from July 2008 to March 2010.").

[2] This amount was revised from the $10,020 requested by Plaintiffs and recommended by Judge Lloyd for the reasons described in Note 1.

[3] This amount was revised from $4,000 in actual damages because, as asserted in his declaration, Adrain Acoltzi was employed from July 2008 to March 2010. *See* Decl. of Adrain Acoltzi, ECF No. 20 at 1. Applying the one-year statute of limitations pursuant to Cal. Code Civ. Proc. § 340(a), Mr. Acoltzi is entitled to only thirty-seven (37) weeks of statutory damages arising under § 226(e) for the period between June 25, 2009 and March 15, 2010.

under Cal. Lab. Code § 226(e). Plaintiffs made a minor calculation error which overstated the amount of liquidated damages owed under the FLSA by approximately 6 dollars. Plaintiffs also double counted the weeks between March 15, 2009 and April 15, 2009 when calculating the restitution for failure to pay overtime pursuant to Cal. Lab. Code § 510. Finally, Plaintiffs' claim for pay statement violations was largely time-barred and was reduced accordingly. The revised calculation of damages is set forth below:

- $26,092.02 in liquidated damages under the FLSA, 29 U.S.C. § 207.[4]
- $2,160 in "waiting time penalties" under Cal. Lab. Code § 203.
- $208,044 in restitution damages under Cal. Bus. & Prof. Code § 17203 for failure to pay overtime pursuant to Cal. Lab. Code § 510.[5]
- $14,796 in restitution damages under Cal. Bus. & Prof. Code § 17203 for failure to allow meal times pursuant to Cal. Lab. Code § 226.7.
- $1,550 in statutory damages for "pay statement" violations under Cal. Lab. Code § 226(e).[6]

Total damages awarded to Plaintiff Angel Martinez: **$252,642.02**.

### 4. Plaintiff Ricardo Delgado

Based on the information provided in Ricardo Delgado's declaration, the Court agrees with Judge Lloyd's recommendations that damages be awarded to Plaintiff Ricardo Delgado. The Court also agrees with Judge Lloyd's recommendation regarding the amount to be awarded to Ricardo Delgado in restitution for failure to pay overtime pursuant to Cal. Lab. Code § 510, and in restitution for failure to allow meal times pursuant to Cal. Lab. Code § 226.7. However, the Court finds that Ricardo Delgado is not entitled to statutory damages for "pay statement" violations under

---

[4] This amount was revised from the $26,098.15 requested by Plaintiffs and recommended by Judge Lloyd because their estimates were based on a simple arithmetic error for the period between August 16, 2007 and September 15, 2008. *See* Pls.' Application for Default J. at 19.

[5] This amount was revised from the $208,350 requested by Plaintiffs and recommended by Judge Lloyd because Plaintiffs' calculations involved an error in the number of weeks between Apr. 16, 2009 and Oct. 15, 2009. Plaintiffs mistakenly began calculating the period from Mar. 16, 2009, instead of from April 16, 2009, resulting in an additional four weeks in the calculation. *See* Pls.' Application for Default J. 4-5, 12 n.44, 19; Martinez Decl. ¶6.

[6] This amount was revised from the $4,000 requested by Plaintiffs and recommended by Judge Lloyd because, as asserted in his declaration, Angel Martinez was employed from "early 2003" to October 2009. *See* Decl. of Angel Martinez, ECF No. 21 at 1. Applying the one-year statute of limitations pursuant to Cal. Code Civ. Proc. § 340(a), Mr. Martinez is entitled to only sixteen (16) weeks of statutory damages arising under § 226(e) for the period between June 25, 2009 and October 15, 2009.

Cal. Lab. Code § 226(e). Ricardo Delgado's "pay statement" claim is barred by the statute of limitations because his employment ended January 15, 2007 – well before the June 25, 2009 time bar for this claim. *See Singer*, 2008 WL 2899825, at *5. The revised calculation of damages is set forth below:

- $2,958.75 in restitution damages under Cal. Bus. & Prof. Code § 17203 for failure to pay overtime pursuant to Cal. Lab. Code § 510.
- $1,183.50 in restitution damages under Cal. Bus. & Prof. Code § 17203 for failure to allow meal times pursuant to Cal. Lab. Code § 226.7.

Total damages awarded to Plaintiff Ricardo Delgado: **$4,142.25**.

For the reasons explained in Judge Lloyd's Report, Plaintiffs' motion for default judgment is GRANTED, in part, and MODIFIED, in part. Judgment shall be entered in favor of Plaintiffs, against Defendants, in the amount of **$310,034.30**, to be divided among them as listed above. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: May 24, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge