UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARTIN DELGADO; RICARDO DELGADO; ANGEL MARTINEZ; and ADRAIN ACOLTZI, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br>v.<br><br>MARIA DEANDA and RUBEN DEANDA dba GUADALAJARA MARKET; and DOES 1-10,<br><br>Defendants. | Case No.: 10-CV-02799-LHK<br><br><br><br><br>ORDER SETTING ASIDE DEFAULT JUDGMENT |

Before the Court is Defendants Maria DeAnda and Ruben DeAnda's ("Defendants") motion to set aside the default judgment under Federal Rule of Civil Procedure 60(b). Pursuant to Civil Local Rule 7–1(b), the Court deems this motion appropriate for determination without oral argument and vacates the hearing set for January 3, 2013. Having considered the parties' submissions and the relevant law, the Court GRANTS Defendants' motion to set aside the default judgment. Defendants' motion in the alternative to stay the execution of judgment, ECF No. 28, is denied as moot. The parties' request to continue the hearing, ECF No. 39, is also denied as moot.

**I.    BACKGROUND**

Plaintiffs Martin Delgado, Ricardo Delgado, Angel Martinez, and Adrian Acolzi ("Plaintiffs") filed this action on June 25, 2010, alleging violation of state and federal employment laws. ECF

1

Case 5:10-cv-02799-HRL   Document 40   Filed 12/18/12   Page 2 of 5

1    No. 1.  Plaintiffs filed a proof of service on September 2, 2012.  ECF No. 5.  Having received no

2    response from Defendants, Plaintiffs requested entry of default on November 8, 2010, ECF No. 12,

3    and the Clerk entered default on November 10, 2010, ECF No. 14.  There were no further

4    developments until July 11, 2011, when Magistrate Judge Howard Lloyd, to whom the case was

5    assigned, issued an Order to Show Cause why the case should not be dismissed for failure to

6    prosecute.  ECF No. 15.  Plaintiffs' attorney appeared at the hearing on the Order to Show Cause

7    on August 30, 2011, and the Order to Show Cause was discharged.  ECF No. 17.  Plaintiffs then

8    filed a motion for default judgment on October 24, 2011, ECF No. 18.  On November 23, 2011,

9    Judge Lloyd issued a report and recommendation that the Court grant the motion for default

10   judgment, and ordered that the case be assigned to a District Judge.  ECF No. 23.  On November

11   23, 2011, the case was reassigned to the undersigned Judge.  ECF No. 24.  On May 24, 2012, the

12   undersigned judge issued an Order adopting Magistrate Judge Lloyd's report and recommendation,

13   ECF No. 25, and the Clerk entered judgment for the Plaintiffs the next day.  ECF No. 26.  Thirteen

14   days later, on June 7, 2012, Defendants filed a motion for relief from that judgment ("Mot.") and a

15   motion for a stay of the judgment.  ECF Nos. 27-28.  Plaintiffs filed an opposition on June 22,

16   2012, ECF No. 31, and Defendants filed a reply on July 6, 2012.  ECF No. 32.

**II.     ANALYSIS**

**A.  Legal Standard**

Rule 60(b) allows a court to set aside a judgment where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief.  Fed.R.Civ.P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  This Circuit recognizes a "long-standing principle that default judgments are disfavored."  *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 694 (9th Cir. 2001).

"Where there has been no merits decision, appropriate exercise of district court discretion under Rule 60(b) requires that the finality interest should give way fairly readily, to further the competing interest in reaching the merits of a dispute."  *TCI Group*, 244 F.3d at 696.  The party seeking to

Case No.: 10-CV-02799-LHK
ORDER SETTING ASIDE DEFAULT JUDGMENT

vacate the default judgment bears the burden of establishing that three factors favor vacating the judgment: whether the plaintiff will be prejudiced; whether the defendant's default is due to culpable conduct; and whether the defendant has a meritorious defense. *Id.* The Court will consider each of these three factors in turn.

## B. ANALYSIS

In this case, Defendants argue that there is good cause to set aside the default judgment because Defendants did not receive notice of the lawsuit. Defendants have also alleged that Plaintiffs' proof of service was improper, both because the requirements for substituted service were not satisfied and because the individual with whom the papers were allegedly left, a "Mariah Deanda," does not exist. Mot. 6-7; Decl. of Bryce Chastain, ECF No. 33, at Exh. A. Finally, Defendants argue that because Plaintiffs had represented, after entry of default, that they would not pursue the matter further, Defendants were surprised by the entry of default judgment.

### 1. Prejudice to the Plaintiff

Setting aside a default is considered prejudicial only if it results "in greater harm than simply delaying resolution of the case." *TCI Group*, 244 F.3d at 701. To constitute prejudice, the "delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id.* (citing *Thompson v. American Home Assur. Co.*, 95 F. 3d 429, 432 (6th Cir. 1996)).

In this case, there is no allegation of prejudice to Plaintiffs. Defendants have made clear that they have no intention of avoiding participation in the lawsuit, and to Defendants' knowledge, there is no evidence or witnesses that could have been lost in the delay. Reply at 7. Plaintiffs have also failed to identify any prejudice. Thus, this factor favors setting aside the judgment.

### 2. Meritorious Defense

The "burden on a party seeking to vacate a default judgment is not extraordinarily heavy;" rather, a defendant need only "present specific facts that would constitute a defense." *TCI Group*, 244 F.3d at 700. The defense need not be on the merits of the claim. *See E&J. Gallo Winery v. Cantine Rallo, S.p.A.*, 430 F. Supp. 2d 1064, 1092 (E.D. Cal. 2005) (finding a meritorious defense

1   for Rule 60(b) purposes where laches defense "is viable and cannot be eliminated as a matter of
2   law.").

3   Here, Defendants have presented a procedural defense that they were not properly served, and
4   thus are not subject to this Court's personal jurisdiction.  Though there is a factual dispute between
5   the parties about the service, Defendants need not establish that they will necessarily prevail as a
6   matter of law.  Defendants need only present facts that could constitute a viable defense.  Here,
7   Defendants have presented some evidence that there was no proper service.  *See* Mot. at 6-7
8   (arguing that the requirements for substituted service were not met); Decl. of Mireya Deanda, ECF
9   No. 27-2 (certifying that there is no such person as "Mariah Deanda," whom the process server
10  allegedly served, and that she herself, as the person in the family with the most similar name, was
11  not served).  As Defendants have alleged facts that could give rise to a meritorious defense of lack
12  of personal jurisdiction, this factor favors setting aside the judgment.

13  3. <u>Culpable Conduct</u>

14  Conduct is culpable for Rule 60(b) purposes where "there is no explanation of the default
15  inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *TCI Group*, 244
16  F.3d at 698.  On a Rule 60(b) motion, the Court "will accept the allegations of the movant's factual
17  statement." *Falk*, 739 F.2d at 464.

18  Here, Defendants have two distinct arguments.  First, Defendants argue that they failed to
19  respond to the complaint because they were not properly served, and thus had no notice of the
20  lawsuit.  *See* Decl. of Rafael Deanda, ECF No. 27-2 at ¶¶ 2-3.  Accepting, for the purposes of this
21  motion, that factual allegation as true, the Court finds that there was no culpable conduct in
22  Defendants' failure to respond to the complaint.

23  Second, Defendants argue that after the entry of default, they failed to respond because
24  Plaintiffs' conduct led them to believe that Plaintiffs had abandoned the case.  Specifically,
25  Defendants allege that Plaintiffs' counsel had agreed that it would be appropriate to vacate the
26  Default, and then never contacted Defendants about the matter again, until the default judgment
27  was entered.  *Id.* at ¶¶3-4.  In short, Defendants seemed to think that the lawsuit had been
28  abandoned.  Though ignoring a pending lawsuit against them based only on an assumption about

4

1   Plaintiffs' behavior was perhaps not the wisest course of conduct, Defendants have presented an
2   explanation for their behavior that is "inconsistent with a devious, deliberate, willful, or bad faith
3   failure to respond." *TCI Group*, 244 F.3d at 698.  As the Court must credit that explanation for the
4   purposes of this motion, the Court cannot find that Defendants' conduct was culpable.  Thus, this
5   factor favors setting aside the default judgment.

6   In sum, all three factors favor setting aside the default judgment.  Accordingly, Defendants'
7   motion to set aside the default judgment is GRANTED.  Defendants' motion to stay enforcement
8   of the judgment is DENIED as moot.  Plaintiffs' request that Defendants post bond for the
9   judgment amount before a stay of enforcement of the judgment is also DENIED as moot.

10  **IT IS SO ORDERED.**

11  Dated: December 18, 2012

     _____
     LUCY H. KOH
     United States District Judge

5

Case No.: 10-CV-02799-LHK
ORDER SETTING ASIDE DEFAULT JUDGMENT