*E-Filed: March 24, 2014*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARTIN DELGADO, ET AL.,<br><br>　　　　Plaintiffs,<br>　v.<br>MARIA DEANDA, ET AL.,<br><br>　　　　Defendants. | No. C10-02799 HRL<br><br>**ORDER DENYING PLAINTIFFS' EX PARTE MOTION TO EXTEND DISCOVERY DEADLINE; ORDER ON DDJR #1**<br><br>**[Re: Docket Nos. 79, 82]** |

Plaintiffs sue the owners of Guadalajara Market for alleged violations of various state and federal employment laws. Default was entered against Defendants in November 2010. After the court issued an Order to Show Cause why the case should not be dismissed, Plaintiffs moved for default judgment in October 2011. The motion was granted, but the judgment was set aside in December 2012 and the case reopened. In March 2013, the then-presiding judge granted in part Plaintiffs Administrative Motion to Allow Limited Discovery Before Initial Case Management Conference, and discovery has been open since. In October 2013, the court set a fact discovery cutoff date of February 14, 2014. On the cutoff date, Plaintiffs filed the instant Ex Parte Motion to Extend Discovery Deadline to request a 60 day extension. *See* Dkt. No. 79. One week later, Defendants opposed the motion and filed Discovery Dispute Joint Report #1 ("DDJR #1") seeking an order to compel depositions and production of documents. *See* Dkt. Nos. 80, 82. DDJR #1 contained only two paragraphs from Plaintiffs, who filed a Supplemental Report on DDRJ #1 five

days later. For the reasons discussed below, Plaintiffs' motion is denied, and Defendants' request for an order to compel is granted.

## BACKGROUND

At the parties' request during the October 2013 Case Management Conference, the Court ordered that a settlement conference be held by January 13, 2014. Counsel soon began exchanging emails to agree on a time. Plaintiffs' counsel expressed some concern that if they waited too long, there would not be enough time to conduct discovery before the February 14 cutoff. Defendants' counsel agreed, but asked that they consider all available dates through the January 13 deadline due to his busy travel schedule. The parties scheduled a settlement conference for December 16, but it was continued after Plaintiffs' counsel injured himself the day before. The settlement conference was finally held on January 13, but the case did not settle.

Two days later, on January 15, Defendants sent two discovery requests by messenger to the office of Plaintiffs' counsel. The first was a Notice of Taking of Deposition of Plaintiff Martin Delgago and Request for Production of Documents ("Delgado Request"), which set the deposition and production date for February 13, 2014. The second was a Notice of Taking of Deposition of Plaintiff Angel Martinez and Request for Production of Documents ("Martinez Request") which set the date for February 14, 2014. On February 12, a secretary in Defendants' counsel's office called Plaintiffs' counsel to confirm the depositions. Instead, Plaintiffs' counsel advised that he was unavailable and that Plaintiffs would not attend their depositions. Two days later, Plaintiffs moved to extend the discovery deadline by 60 days.

## DISCUSSION

**A. Ex Parte Motion to Extend Discovery Deadline**

Pursuant to Rule 16(b), the court must issue a scheduling order which limits the time to complete discovery. Fed. R. Civ. P. 16(b)(1), (3)(a). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

2

Plaintiffs assert that while they have been diligent, it is defendants who insisted that the settlement conference be delayed and that discovery be postponed until the settlement conference was complete. Then, an unfortunate injury kept Plaintiffs' counsel out of office through January. Thus, there is good cause to extend the discovery cutoff.

However, as Defendants' correctly point out, the emails attached to Plaintiffs' motion do not support their assertions. In the emails, Defendants' counsel merely suggests checking all available settlement conference dates within the 90 day period because of his busy travel schedule. But he also agreed that "[e]arlier better than later," and nowhere did he suggest putting off discovery. More importantly, however, Plaintiffs have not propounded a single discovery request throughout the entirety of the case, not even after being granted expedited discovery over year ago. Plaintiffs cannot be deemed to have been sufficiently diligent to demonstrate good cause to modify the Case Management Scheduling Order where they failed to engage in any discovery for the entire year it was open. Accordingly, Plaintiffs' motion is denied.

**B. Discovery Dispute Joint Report #1**

"A party who wants to depose a person by oral questions must give reasonable written notice to every other party." Fed. R. Civ. 30(b)(1). "The notice to a party deponent may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition." Fed. R. Civ. P. 30(b)(2). "The party to whom the [Rule 34] request is directed must respond in writing within 30 days after being served." Fed. R. Civ. P. 34(b)(2)(A).

The Delgado Request was served on January 15, 2014, and set the deposition and production date for February 13, 2014, twenty-nine (29) days later. While this is certainly "reasonable written notice" for a deposition, it does not provide the requisite thirty (30) days to respond to a Rule 34 request for production. However, while the insufficient notice may have excused Delgado's obligation to produce documents at the deposition, it did not excuse his duty to attend the deposition or respond to the requests for production within thirty (30) days. *See Schultz v. Olympic Medical Center*, No. C07-5377 FDB, 2008 WL 3977523, at *2 (W.D. Wash. Aug. 22, 2008) ("Due to the [less than thirty days' notice], Defendants simply had no duty to produce documents at [the] deposition. Defendants did, however, have the obligation to respond with the responsive documents

and/or written objections by the end of the thirty-day period."). Delgado did not attend his reasonably noticed deposition, and he did not respond or object to the requests for production within thirty (30) days. Moreover, he failed to seek judicial relief or even meet and confer with opposing counsel. Accordingly, Defendants are entitled to an order compelling his deposition and production of documents.

The Martinez Request was served on January 15, 2014, and set the deposition and production date for February 14, 2014, thirty (30) days later. Thus, it was timely in all respects. Martinez's failure to attend his deposition, respond or object to the requests for production, or seek judicial relief entitles Defendants to an order to compel.

Accordingly, within three (3) days of the date of this order, Defendants shall serve new notices of depositions and requests for documents for Delgado and Martinez to occur between ten (10) and fourteen (14) days from the date of this order. Defendants shall not make any substantive changes to the previous requests for production. Delgado and Martinez shall appear at their respective depositions with the requested documents and shall serve written responses or objections at least one day prior. The fact discovery cutoff is not extended except for this limited purpose.

**IT IS SO ORDERED.**

Dated: March 24, 2014

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C10-02799 HRL Notice will be electronically mailed to:**

Adam Wang     adamqwang@gmail.com, evanrhy@gmail.com, jenniferxyzheng@hotmail.com, rosilenda@gmail.com

Adam Lee Pedersen     alp@carlsonlawgroup.com

Robert Fried     Rfried@aalrr.com, cgibbon@aalrr.com, dwebster@aalrr.com, gcastro@aalrr.com, jhouston@aalrr.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**