*E-Filed: July 1, 2014*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARTIN DELGADO, ET AL.,<br><br>　　　　　Plaintiffs,<br>　v.<br><br>MARIA DEANDA, ET AL.,<br><br>　　　　　Defendants. | No. C10-02799 HRL<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTION FOR SANCTIONS**<br><br>[Re: Docket No. 98] |

Martin Delgado, Ricardo Delgado, Angel Martinez, and Adrian Acoltzi sue their former employers Maria, Ruben, and Rolando Deanda, doing business as Guadalajara Market, for alleged wage and hour violations.  After Plaintiffs failed to appear and produce documents at their depositions, Defendants sought an order to compel, which relief the Court granted.  *See* Dkt. No. 84, Order on DDJR #1.  However, Plaintiffs again failed to appear in violation of the Court's order, and the Court again ordered Plaintiffs to appear and produce documents.  *See* Dkt. No. 86, Order re Defendants' Supplemental Report to DDJR#1.  Plaintiffs were cautioned that further violations would expose them to sanctions, including dismissal.  *Id.*  Defendants now move for sanctions against Plaintiffs and their attorney for failing to comply with the Court's orders.  *See* Dkt. No. 98.  Plaintiffs did not file a response and failed to appear on the hearing on July 1, 2014.  Based on Defendants' moving papers and counsel's argument at the hearing, the motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

After Plaintiffs violated the Court's first order to compel, the Court issued a second order that Plaintiffs must appear for their depositions and produce responsive documents on April 24 and April 25, two Plaintiffs on each day. Defendants assert that neither Plaintiffs nor their attorney appeared on April 24. Then, at 3:40 that afternoon, Plaintiffs' counsel sent an email indicating that he had just read the order and realized they had missed the day's depositions, but that three plaintiffs would appear for depositions the following day, the fourth having been deported to Mexico. The three remaining plaintiffs did appear on April 25, and they all testified that they had never seen and were unaware of the previous notices of depositions and requests for production of documents. Plaintiffs also produced very few documents – Martin Delgado produced a stack of pay stubs and a CD containing a private investigator's report, Acoltzi produced only four W-2 forms, and Martinez produced nothing at all.

Defendants now move for terminating sanctions for Plaintiffs' repeated failures to comply with court orders to compel. Alternatively, Defendants request evidentiary sanctions, and in any case, an award of monetary sanctions.

## LEGAL STANDARD

"If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include the following: . . . (ii) prohibiting the disobedient party from . . . introducing designated matters into evidence; [or] . . . (v) dismissing the action." Fed. R. Civ. P. 37(b)(2)(A). "Instead of or in addition to the above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

"Five factors must be considered before imposing the sanction of dismissal: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1385 (9th Cir. 1988) (quoting *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829,

2

1 831 (9th Cir. 1986)).  "[W]here a court order is violated, factors 1 and 2 support sanctions and 4 cuts
2 against case-dispositive sanctions, so 3 and 5, prejudice and availability of less drastic sanctions, are
3 decisive."  *Valley Engineers Inc. v. Elec. Engineering Co.*, 158 F.3d 1051, 1057 (9th Cir. 1987).

## DISCUSSION

Defendants assert that Plaintiffs' willful violations of the Court's orders have severely prejudiced their ability to evaluate Plaintiffs' claims and prepare their defense, and that lesser sanctions are inadequate to remedy Plaintiffs' misconduct.  Accordingly, Defendants insist that dismissal is the appropriate sanction.

However, despite Plaintiffs' willful misconduct, Defendants did ultimately depose three of the four plaintiffs, and the fourth was subsequently dismissed from the case.  As for Plaintiffs' insufficient document production at the deposition, the Court has already ordered the exclusion of responsive documents not produced in discovery, substantially the same evidentiary sanctions alternatively requested here.  The Court thinks this evidentiary relief, combined with the monetary award for Defendants' reasonable expenses discussed below, will remedy the prejudice caused by Plaintiffs' misconduct.  Accordingly, due to the sufficiency of less drastic sanctions, Defendants' request for terminating sanctions is denied.

As for monetary sanctions, Defendants' counsel provided a declaration with itemized requests for reimbursement, supported by invoices, which can be generally categorized as follows: (1) costs and attorney's fees related to Plaintiffs' non-appearance on April 24; (2) costs and attorney's fees for depositions on April 25; and (3) attorney's fees for preparing the instant motion for sanctions.[1]  Defendants are only entitled to be reimbursed for expenses *caused by* Plaintiffs' failure to comply with the Court's orders.  *See* Fed. R. Civ. P. 37(b)(2)(C).  Thus, expenses related to deposing Plaintiffs on April 25, which would have incurred regardless of Plaintiffs' misconduct, are not compensable.  Additionally, Defendants may not be reimbursed for Ricardo Delgado's non-

---

[1] Defendants also request attorney's fees related to their production of records for Plaintiffs' inspection pursuant to California Labor Code § 226 because Plaintiffs' counsel failed to appear to review the records after requesting their production.  However, this production was made well after discovery closed, and it is not clear that such conduct is ever subject to federal discovery rules.  Certainly the Plaintiffs' alleged failure to inspect did not violate a court order per Rule 37(b)(2)(C), which is the only authority Defendants' rely on to support an award of sanctions.  Accordingly, the Court declines to award sanctions related to this activity.

3

appearance on April 25. They already charged for his non-appearance on April 24, the date for which his deposition was actually scheduled, and they were notified that afternoon that he was unavailable the next day. Thus, it was not reasonable for Defendants to unilaterally set a second deposition only to note his non-appearance, and they may not be reimbursed for costs related thereto.

On the other hand, expenses in categories one and three would not have been necessary but for Plaintiffs' violations of the Court's orders, and Defendants shall be reimbursed for these reasonable expenses:

- Cost of court reporter's services for April 24 = $650
- Cost of interpreter's services for April 24 = $688
- Attorney's fees for preparing April 24 deposition of Ricardo Delgado (2 hours) = $430 [2]
- Attorney's fees for preparing motion for sanctions (10 hours) = $2,150 [3]

In total, Defendants are entitled to an award of sanctions in the amount of $3,918. Pursuant to Rule 37(b)(2)(C), the Court may order that payment be made by the parties, their attorney, or both. Here, Plaintiffs have testified that they were unaware of the first two depositions and requests for production and had not even seen the notices, which were served on Plaintiffs' counsel. Moreoever, counsel indicated in an email that he had not even read the Court's second order to compel until after the first two depositions were to have been taken. Thus, it appears that Plaintiffs' failures to comply with the Court's orders, which were also served only on counsel, were mostly, if not entirely, attributable to counsel. Accordingly, Plaintiffs' counsel shall pay Defendants' award of sanctions in the amount of $3,918.

**IT IS SO ORDERED.**

Dated: July 1, 2014

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[2] The calculation of attorney's fees incorporates counsel's normal rate of $215 per hour, a modest hourly rate based on this Court's familiarity with the market.
[3] Defendants have requested fees for preparation of the instant motion only; they did not seek fees for the preparation of two previous DDJRs, as they might have.

4

**C10-02799 HRL Notice will be electronically mailed to:**

Adam Wang     adamqwang@gmail.com, evanrhy@gmail.com, jenniferxyzheng@hotmail.com, rosilenda@gmail.com

Adam Lee Pedersen     alp@carlsonlawgroup.com

Gilbert Anthony Castro     gcastro@aalrr.com

Robert Fried     Rfried@aalrr.com, dwebster@aalrr.com, gcastro@aalrr.com, jhouston@aalrr.com, mcavin@aalrr.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**